UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK JONES, | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-1169-JBM |
| NICK CONKLIN, et al., | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint alleging deliberate indifference to his serious medical need at the Illinoi Correctional Center ("IRCC"). The case is before the Court for a merit review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## MATERIAL FACTS

In the early morning hours of December 28, 2019, Plaintiff fell while attempting to climb down from his bunk. Plaintiff had placed his feet on the sink and his feet slipped, causing him to strike his knee on the side of the sink and his feet on the base of the toilet. Plaintiff also injured his left wrist while trying to brace himself. Later that morning, Plaintiff reported the incident to

Correctional Officer, Defendant Nick Conklin. Defendant Conklin told Plaintiff that he would be sent to the healthcare unit that day, but this did not occur.

On December 30, 2019, Plaintiff went to the healthcare unit where he was seen by Defendant Trey Bergman, LPN. Plaintiff explained what happened, claiming that he was in "very severe pain" and needed to be seen by a physician. Defendant Bergman told Plaintiff he would sign him up for physician call and, in the meantime, provided him ibuprofen. Plaintiff was seen by Defendant Bergman again on January 16, 2020, still not having seen a physician. Plaintiff, again asked to be placed on the physician call list, explaining that he continued to have pain in his left foot, left wrist and right knee. Defendant advised Plaintiff that he would sign him up again and gave him more ibuprofen.

On February 11, 2020, Plaintiff was seen again in the healthcare unit, this time by Defendant Charla Gudgel, LPN. Plaintiff again complained of his injuries, and again complained that he had yet to be seen by a doctor. Defendant Gudgel apparently did not offer a response or remedy, merely making notes in the medical record.

Plaintiff claims to have continued, severe pain in his left foot, and believes it might be fractured. He also has pain in his right knee and pain weakness in his left wrist. Plaintiff asserts an Eighth Amendment claim against the three Defendants, requesting money damages and injunctive relief in the form of diagnostic x-rays and physical therapy. He also requests injunctive relief in the form of a Court order that Defendant Conklin not engage in retaliation for Plaintiff having filed the lawsuit. Plaintiff does not assert that Defendant Conklin has retaliated against him but appears to assert a preemptive request to prohibit any retaliation which might occur. Plaintiff does not make a demand for a jury trial.

**ANALYSIS**

It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v DeTella*, 95 F3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). A claim does not rise to the level of an Eighth Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996).

Here, Plaintiff states a plausible claim that Defendants Conklin, Bergman and Gudgel were deliberately indifferent by not having him seen by a physician in response to his severe pain. He cannot, however, proceed on a request for injunctive relief based on the possibility that Defendant Conklin might retaliate against him. This is so, as state officials generally enjoy Eleventh Amendment sovereign immunity except as to claims for injunctive relief "designed to end a continuing violation of federal law …" *Watkins v. Blinzinger*, 789 F.2d 474, 483–84 (7th Cir. 1986) citing *Green v. Mansour*, 474 U.S. 64, 71 (1985). Here, there is no continuing violation of federal law to be remedied as there are no allegations that Defendant Conklin has yet engaged in retaliatory conduct. *See id*.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the deliberate indifference claims against Defendants Conklin, Bergman and Gudgel. Other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff files [5], a motion for recruitment of *pro bono* counsel with copies of letters he has ostensibly sent to the John Howard Association and McArthur Justice Center at

Northwestern University.  The John Howard Association is identified as an "organization which independently monitors correctional facilities, policies and practices, advancing reforms needed to achieve a fair, humane and effective criminal justice system in Illinois.."[1] The Court does not believe, however, that it is a law firm which offers representation to individual clients. As result, Plaintiff documents contacting only one law firm and does not make a showing that he made a good faith effort to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

   3.    Plaintiff also files [6], a letter to the Court, requesting the status of his case. Plaintiff is advised that if he seeks relief of this Court, he is to do so in the form of a motion, not a letter. [6] is otherwise rendered MOOT by this merit review order.

   4.    The Clerk is directed to send each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

   5.    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of

---

[1] See https://www.guidestar.org/profile/36-2167739.

forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.  Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7.  Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8.  Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9.  Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

1) ATTEMPT SERVICE ON DEFENDANT PURSUANT TO THE STANDARD PROCEDURES;

2) ENTER THE COURT'S STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT; AND

3) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

| | |
|---|---|
| 10/14/2020 | s/Joe Billy McDade |
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |